**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KARTHIK SUBRAMANI,

        Plaintiff,

  v.

WELLS FARGO BANK N.A., FIDELITY
NATIONAL TITLE COMPANY, and DOES
1-100,

        Defendants.

Case No. C 13-1605 SC

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS

I.   **INTRODUCTION**

    Now before the Court is Defendant Wells Fargo Bank N.A.'s
("Defendant") motion to dismiss Plaintiff Karthik Subramani's
("Plaintiff") first amended complaint.  ECF Nos. 24 ("FAC"), 25
("MTD").  The matter is fully briefed, ECF Nos. 27 ("Opp'n"), 28
("Reply"), and appropriate for decision without oral argument, Civ.
L.R. 7-1(b).  As explained below, the Court GRANTS in part and
DENIES in part Defendant's motion to dismiss.

///

///

**United States District Court**
For the Northern District of California

## II.   **BACKGROUND**

This action arises from a $479,600 mortgage loan (the "Loan") obtained by Plaintiff from Defendant on October 18, 2006, recorded by an adjustable-rate promissory note and secured by a deed of trust ("DOT") against residential real property in Livermore, California.  Compl. ¶¶ 10-11, Ex. A ("DOT").  The DOT states that Plaintiff agreed to repay the borrowed $479,600 or risk foreclosure, and that "[t]he Note or a partial interest in the note (together with this Security Instrument) can be sold one or more times without prior notice to [Plaintiff]."  Id. at 11 ¶ 20. Defendant was the original lender under the DOT, and Fidelity National Title Insurance Company ("FNTIC") -- purportedly not the same entity as the non-appearing defendant FNTC -- was the original trustee.

Plaintiff alleges that Defendant first sold the Loan to Wells Fargo Asset Securities Corporation ("WFASC") sometime around October 24, 2006.  Soon after that, WFASC allegedly bundled Plaintiff's Loan (consisting of the note and DOT) with other mortgages into a mortgage-backed securities pool, the Wells Fargo Mortgaged Backed Securities 2006-AR18 Trust, Mortgage Pass-Through Certificates, Series 2006-AR18 (the "WFMBS 2006-AR18 Trust").  Id. ¶ 5.  The WFMBS 2006-ARIB Trust had been established on October 1, 2006 with the execution of a pooling and servicing agreement ("PSA").  Id. ¶ 15.  According to Plaintiff, one effect of the PSA was to prohibit assignment of the DOT and note before the trust's "Closing Date" of October 24, 2006.  See id. ¶ 23.

On July 23, 2009, Plaintiff received a notice of default ("NOD") from First American Title Insurance Company acting as an

agent for First American Loanstar Trustee Services ("First American Loanstar") as purported "Agent for the Current Beneficiary." Compl. Ex. B ("NOD 1"). According to Plaintiff, statements associated with that NOD suggested without stating that Defendant was the "current beneficiary" of the Loan. See Compl. ¶ 19.

On August 25, 2009, First American Loanstar, acting as "attorney in fact for [Defendant]," issued a Substitution of Trustee ("SOT 1"), substituting itself as trustee. Id. ¶ 23, Ex. C (SOT).

Plaintiff's first NOD was rescinded on September 10, 2010, id. Ex. D ("Rescission of NOD 1"), but Plaintiff defaulted again and a second NOD was recorded on May 10, 2011, id. Ex. E ("NOD 2"). The second NOD was issued on May 4, 2011, by LSI Title Company acting as agent for FNTC. According to Plaintiff, the second NOD stated that Defendant was the original beneficiary under the DOT, but did not state who the current beneficiary was. See id. ¶ 27.

On May 6, 2011, between the issuance and recordation of the second NOD, Defendant issued a second Substitution of Trustee ("SOT 2") appointing FNTC as substitute in place of FNTIC as trustee under the DOT. Id. Ex. F (SOT 2). Three months later, on August 11, 2011, the second SOT was recorded. Id. ¶ 31.

Plaintiff did not cure his second default, and on August 11, 2011 -- the same day the second SOT was recorded -- FNTC, acting as trustee under the DOT, issued and caused recording of the Notice of Trustee Sale. Id. Ex. G ("NOTS"). A year later, on August 9, 2012, FNTC sold Plaintiff's Property in a foreclosure sale to non-party California Equity Management Group, Inc., and issued the Trustee's Deed Upon Sale ("TDUS") on August 15, 2012. Id. Ex. H.

United States District Court
For the Northern District of California

1    Plaintiff contends that all of the legal documents described
2  above were void because Defendant was no longer the valid lender in
3  the DOT, or even an agent of a successor beneficiary after it sold
4  the Loan in 2006.  See id. ¶¶ 22-23.  According to Plaintiff,
5  Defendant did not assign the DOT or endorse the note pursuant to
6  the PSA.  See id. at 3-4 ¶¶ 4-6.  Nor did Defendant abide by
7  California law regarding the endorsement, assignment, and
8  recordation of notes and DOTs.  See id. ¶ 14.  Plaintiff therefore
9  states that after Defendant sold the Loan, neither Defendant nor
10 anyone else had any right to or interest in the Loan, so all legal
11 notices associated with the note and DOT -- including the SOTs,
12 NODs, and the foreclosure sale itself -- are illegal and void.

13    On these facts, Plaintiff asserts eight causes of action: (1)
14 wrongful foreclosure; (2) constructive fraud; (3) cancellation of
15 fraudulent instruments; (4) violation of California's nonjudicial
16 foreclosure statute, Cal. Civ. Code § 2934a(a)(1)(A); (5) unjust
17 enrichment; (6) violation of the federal Truth-in-Lending Act
18 ("TILA"), 15 U.S.C. § 1601 et seq.; (7) violation of California's
19 Unfair Competition Law ("UCL"), Bus. & Prof. Code Section 17200;
20 and (8) declaratory relief.  Defendant now moves to dismiss.

21

22 **III.  LEGAL STANDARD**

23     **A.   Motions to Dismiss**

24    A motion to dismiss under Federal Rule of Civil Procedure
25 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.
26 Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based
27 on the lack of a cognizable legal theory or the absence of
28 sufficient facts alleged under a cognizable legal theory."

**United States District Court**
For the Northern District of California

1   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

2   1988). "When there are well-pleaded factual allegations, a court

3   should assume their veracity and then determine whether they

4   plausibly give rise to an entitlement to relief." Ashcroft v.

5   Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court

6   must accept as true all of the allegations contained in a complaint

7   is inapplicable to legal conclusions. Threadbare recitals of the

8   elements of a cause of action, supported by mere conclusory

9   statements, do not suffice." Id. (citing Bell Atl. Corp. v.

10  Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a

11  complaint must be both "sufficiently detailed to give fair notice

12  to the opposing party of the nature of the claim so that the party

13  may effectively defend against it" and "sufficiently plausible"

14  such that "it is not unfair to require the opposing party to be

15  subjected to the expense of discovery." Starr v. Baca, 652 F.3d

16  1202, 1216 (9th Cir. 2011).

17      On a motion to dismiss pursuant to Rule 12(b)(6), a district

18  court may "consider unattached evidence on which the complaint

19  'necessarily relies' if: (1) the complaint refers to the document

20  [and the document] is central to the plaintiff's claim; and (3) no

21  party questions the authenticity of the document." United States

22  v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011).

23      If the Court dismisses the complaint, it must then decide

24  whether to grant leave to amend. The Ninth Circuit has "repeatedly

25  held that a district court should grant leave to amend even if no

26  request to amend the pleading was made, unless it determines that

27  the pleading could not possibly be cured by the allegation of other

28  facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)

1  (citations and internal quotation marks omitted).

2  **B.   Rule 9(b)**

3      Claims sounding in fraud are subject to the heightened

4  pleading requirements of Federal Rule of Civil Procedure 9(b),

5  which requires that a plaintiff alleging fraud "must state with

6  particularity the circumstances constituting fraud."  See Kearns v.

7  Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).  "To satisfy

8  Rule 9(b), a pleading must identify the who, what, when, where, and

9  how of the misconduct charged, as well as what is false or

10 misleading about [the purportedly fraudulent] statement, and why it

11 is false."  United States ex rel Cafasso v. Gen. Dynamics C4 Sys.,

12 Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks

13 and citations omitted).

14

15 **IV.  DISCUSSION**

16     **A.   Wrongful Foreclosure**

17     Plaintiff alleges that Defendant wrongfully foreclosed on the

18 Property, because the chain of title was broken when Defendant sold

19 its interests in the Loan.  Defendant moves to dismiss this claim

20 for the reasons discussed below.

21     Defendant's primary argument -- that Plaintiff is claiming

22 that securitization itself invalidates the initiation of

23 foreclosure proceedings -- subtly misconstrues Plaintiff's

24 complaint.  See MTD at 5-6.  Plaintiff's point is that it was

25 Defendant's flawed procedures in attempting to securitize the loan

26 that broke the chain of title on which Defendant relied.  To be

27 clear, Plaintiff is not simply alleging that assignment of the Loan

28 to a trust pool provides standing to challenge the securitization.

6

**United States District Court**
For the Northern District of California

That argument has been roundly dismissed in this Court. <u>See, e.g.</u>, <u>Flores v. GMAC Mortg., LLC</u>, No. C 12-794 SI, 2013 WL 2049388, at *2 (N.D. Cal. May 14, 2013) (listing cases) <u>Niranjan v. Bank of America, N.A.</u>, No. 12-05706 WHA, 2013 WL 1701602, at *2 (N.D. CAl. Apr. 18, 2013) (same).  Plaintiff brings a variety of other claims that are subtly different: Defendant's transfers are void because Defendant did not assign the DOT or endorse the note in accordance with California law; Defendant tried to transfer the Loan after the PSA's October 24, 2012 deadline; and Defendant did not even assign the Loan or the trusteeship to the correct parties.

To the extent Plaintiff relies on violations of the PSA or any other agreements among third parties, Plaintiff's claim fails.  As this Court has often explained, plaintiffs who are not parties to PSAs lack standing to challenge that aspect of the securitization process's validity.  <u>See</u> <u>Almutarreb v. Bank of N.Y. Trust Co., N.A.</u>, No. C-12-3061 EMC, 2012 WL 4371410, at *2 (N.D. Cal. Sept. 24, 2012).  On this point, Plaintiff contends that a recent California Court of Appeals case, <u>Glaski v. Bank of America, N.A.</u>, 218 Cal. App. 4th 1079 (Cal. Ct. App. 2013), in which the court held that under New York law, a securitized mortgage trustee's acceptance of a loan after the trust's closing date would be void in contravention of the trust document and would jeopardize the trust's special tax status, <u>id.</u> at 1094-95.  Defendant counters that the Court should ignore <u>Glaski</u> as stating the minority rule. Defendant urges the Court to follow <u>Jenkins v. JP Morgan Chase Bank, N.A.</u>, 216 Cal. App. 4th 497 (Cal. Ct. App. 2013).  <u>Jenkins</u> held that an unrelated third party to an alleged securitization lacked standing to enforce any agreements (like a PSA) relating to

**United States District Court**
For the Northern District of California

such transactions, and that the third party could not have been a
victim to any invalid transfer because her obligations under the
note never changed.  Id. at 515-16.  On this point, absent guidance
from the Ninth Circuit or the California Supreme Court, the Court
follows Jenkins, which appears to state the majority rule.  See
Newman v. Bank of N.Y. Mellon, No. 1:12-CV-1629 AWI GSA, 2013 WL
5603316, at *3 n.2 (E.D. Cal. Oct. 11, 2013) ("Glaski is in a clear
minority" on this issue); Diunugala v. J.P. Morgan Chase Bank,
N.A., No. 12-cv-2106-WQH-NLS, 2013 WL 5568737, at *8 (S.D. Cal.
Oct. 3, 2013) (stating same).  Accordingly, the Court DISMISSES
Plaintiff's wrongful foreclosure claim to the extent that it is
predicated on Defendant's alleged violation of the PSA or any other
third-party agreements related to the Loan's securitization.

However, the Court finds that at the 12(b)(6) stage, Plaintiff
has sufficiently stated a claim for wrongful foreclosure based on
his allegations that Defendant's 2006 sale of Plaintiff's DOT
precluded Defendant from retaining a beneficial interest in the
DOT.  See Barrionuevo v. Chase Bank, N.A., 885 F. Supp. 2d 964, 975
(N.D. Cal. 2012).  Plaintiff has sufficiently alleged that
Defendant directed the wrong party to issue Notices of Default,
that Defendant is not the true beneficiary, and that Defendant
failed to abide by the rules regarding transference of the Loan.
All of these allegations are supported by specific enough facts to
state a plausible claim at this point.  This case is not like the
cases Defendant cites, in which the plaintiffs rely solely on
violations of a PSA or securitization in itself.  See MTD at 5-6
(citing cases).  Defendant's motion to dismiss on these grounds is
DENIED.  Defendant may, of course, raise this issue again in a

later motion.

Defendant also argues that tender is required to challenge a foreclosure sale or quiet title.  Since Plaintiff failed to tender the amount of secured indebtedness in this case, Defendant contends that the case should be dismissed.  MTD at 4-7.  Plaintiff responds that California law does not require tender if he alleges that Defendant's title is void, as he has in this case.  Opp'n at 8.

Generally, the "tender rule" applies to claims to set aside a trustee's sale for procedural irregularities or alleged deficiencies in the sale notice.  See Lester v. J.P. Morgan Chase Bank, N.A., 926 F. Supp. 2d 1081, 1092 (N.D. Cal. 2013).  "[T]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs."  Id. (internal citations and quotations omitted).  However, tender may not be required where doing so would be inequitable.  Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (Cal. Ct. App. 1997).  Courts have found exceptions to the tender rule if "a sale is void, rather than simply voidable," as when an incorrect trustee forecloses on a property.  See Tamburri v. Suntrust Mortg., No. C-11-2899 EMC, 2011 WL 6294472, at *4 (N.D. Cal. Dec. 15, 2011) (citing Dimock v. Emerald Properties LLC, 81 Cal. App. 4th 868, 876 (Cal. Ct. App. 2000)).  Under these circumstances, since Plaintiff has sufficiently alleged that the foreclosure sale was void, Compl. ¶¶ 81-85, the Court declines to dismiss the complaint based on Plaintiff's failure to allege tender.

Defendant also contends that Gomes v. Countrywide Home Loan, Inc., 192 Cal. App. 4th 1149 (Cal. Ct. App. 2011), requires the

**United States District Court**
For the Northern District of California

Court to dismiss Plaintiff's challenges to the foreclosure.  MTD at

7-8.  In <u>Gomes</u>, the California Court of Appeals held that

California Civil Code § 2924(a)(1) does not "provide for a judicial

action to determine whether the person initiating the foreclosure

process is indeed authorized."  <u>Id.</u> at 1155.

     <u>Gomes</u> is inapposite.  It involved whether the party selling

the foreclosed property was authorized to do so by the owner of the

promissory note, not whether there was some infirmity in the

assignment process leading to wrongful foreclosure.  <u>Id.</u>  In this

case, Plaintiff does not seek a determination of whether Defendant

may foreclose.  He alleges that it cannot and provides factual

support for this contention.  <u>See</u> <u>Lester</u>, 926 F. Supp. 2d at 1092.

The Court therefore finds that <u>Gomes</u> does not preclude Plaintiff

from challenging Defendant's standing to foreclose.

     Accordingly, Plaintiff's wrongful foreclosure claim survives

except to the extent that it is based on Defendant's alleged

violation of the PSA.

      **B.**   **Cancellation of Fraudulent Instruments**

     California Civil Code section 3412 provides that a "written

instrument, in respect to which there is a reasonable apprehension

that if left outstanding it may cause serious injury to a person

against whom it is void or voidable, may, on that person's

application, be so adjudged and ordered to be delivered up or

canceled."

     Plaintiff contends that the legal documents at issue in this

case -- the SOTs, the TDUS, as well as the DOT -- are void for the

reasons explained above.  Compl. ¶¶ 99-101.  Defendant argues, as

it did under Plaintiff's wrongful foreclosure claim, that because

**United States District Court**
For the Northern District of California

1   those claims are based on the Loan securitization and the

2   foreclosing beneficiary's standing to commence foreclosure, this

3   cause of action must fail.  MTD at 9.  As discussed above, the

4   Court rejects Defendant's arguments and declines to dismiss

5   Plaintiff's Section 3412 claim on those grounds.

6        However, since Defendant is correct that California Civil Code

7   section 2932.5 does not apply to deeds of trust -- only to

8   mortgages -- Plaintiff's claim is dismissed to the extent that it

9   relies on a violation of Civil Code section 2932.5.  <u>Calvo v. HSBC

10  Bank USA, N.A.</u> 199 Cal. App. 4th 118, 123 (Cal. Ct. App. 2011) ("It

11  is well established that section 2932.5 does not apply to trust

12  deeds, in which the power of sale is granted to a third party, the

13  trustee . . . Section 2932.5 applies to mortgages, in which the

14  mortgagor or borrower has granted a power of sale to the mortgagee

15  or lender.")

16       **C.   <u>Constructive Fraud</u>**

17       To state a prima facie claim for constructive fraud, a

18  plaintiff must allege (1) a fiduciary or confidential relationship;

19  (2) an act, omission or concealment involving a breach of that

20  duty; (3) reliance; and (4) resulting damage.  <u>Assilzadeh v. Cal.

21  Fed. Bank</u>, 82 Cal. App. 4th 399, 414 (Cal. Ct. App. 2000).

22  Plaintiff alleges that because Defendant knew it had no beneficial

23  interest in the Loan after its sale in October 2006, Defendant's

24  post-sale behavior toward Plaintiff -- including taking payments on

25  the Loan and not revealing to Plaintiff that Defendant was going to

26  take out insurance and obtain Temporary Asset Relief Program

27  ("TARP") funds based on the Loan -- was fraudulent.  <u>See</u> Compl.

28  ¶¶ 91-97.  Plaintiff also appears to contend that some of the

documents, at least the NOD, were forgeries.  <u>Id.</u>

Defendant argues that Plaintiff's fraud claim fails primarily because Plaintiff fails to allege a fiduciary relationship between himself and Defendant, and that Plaintiff could not do so as a matter of law, since Defendant was proceeding in the capacity of an ordinarily lender of money and therefore was not in a fiduciary relationship with Plaintiff.  MTD at 10-11 (citing <u>Mangindin v. Wash. Mut. Bank</u>, 637 F. Supp. 2d 700, 710 (N.D. Cal. 2009)).  Defendant also contends that Plaintiff fails to plead fraud with particularity.  <u>Id.</u> at 11.  Plaintiff does not join these arguments, requesting only that he be given leave to amend his complaint to allege justifiable reliance based on <u>Glaski</u>.  Opp'n at 8.

Defendant is correct on all points.  First, Plaintiff's fraud claim mixes theories, factual allegations, and outright legal conclusions in a way that makes it impossible for the Court to find Plaintiff's claims plausible and specific.  This fails to meet the standards of Rules 8 and 9(b), which require only that Plaintiff lay out the "who, what, when, where, and how" of his fraud claim in a way that is minimally plausible.

Second, Plaintiff fails to allege a fiduciary relationship anywhere in his complaint, and without that necessary element, Plaintiff's constructive fraud claim fails as a matter of law.  In any event, under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money," and commercial lenders "[are] entitled to pursue [their] own economic interests in a loan

12

**United States District Court**
For the Northern District of California

transaction." <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal.
App. 3d 1089, 1095–96 & 1093 n.1 (Cal. Ct. App. 1991) (citations
omitted).  In California, the test for determining whether a
financial institution exceeded its role as money lender and thus
owes a duty of care to a borrower-client involves "the balancing of
various factors, among which are (1) the extent to which the
transaction was intended to affect the plaintiff, (2) the
foreseeability of harm to him, (3) the degree of certainty that the
plaintiff suffered injury, (4) the closeness of the connection
between the defendant's conduct and the injury suffered, (5) the
moral blame attached to the defendant's conduct, and (6) the policy
of preventing future harm." <u>Heritage Oaks Partners v. First Am.</u>
<u>Title Ins. Co.</u>, 155 Cal. App. 4th 339, 345 (Cal. Ct. App. 2007).

Neither party addresses these matters.  The Court finds that
the face of the complaint does not establish that Defendant has
exceeded its role as money lender and would therefore owe a duty of
care to Plaintiff.  The Court therefore does not find that
Defendant's activities fall outside the <u>Nymark</u> rule.  Accordingly,
the Court DISMISSES Plaintiff's constructive fraud claim with leave
to amend, provided that Plaintiff take careful note of the
guidelines above.

> D.   **California Civil Code Section 2934a(a)(1)(A)**

Plaintiff asserts a claim against Defendant under California
Civil Code section 2934a(a)(1)(A), which provides that all
beneficiaries to a DOT must execute and record Substitutions of
Trustee if those instruments are to be effective -- otherwise the
substitution will be void.  Plaintiff alleges that the trustee sale
referenced above is void under California law, because no

**United States District Court**
For the Northern District of California

1  beneficiary effectively executed or recorded a Substitution of

2  Trustee.  Compl. ¶¶ 106-08.  Defendant argues that Plaintiff

3  agreed, in executing the DOT, that Defendant could appoint

4  successor trustees, and that on August 11, 2011, Defendant caused

5  to be recorded a duly executed and acknowledged Substitution of

6  Trustee.  ECF No. 26 ("Def.'s RJN) Ex. E.[1]  Defendant is correct.

7  Plaintiff may have alleged that the SOTs were void, but Defendant

8  did not breach the procedural requirements of the Civil Code.  This

9  claim is DISMISSED WITH PREJUDICE.

10      **E.   Unjust Enrichment**

11      Plaintiff asserts an unjust enrichment claim against Defendant

12  on the theory that Defendant accepted loan payments to which it was

13  not entitled.  Defendant argues that unjust enrichment is not a

14  cause of action in California, and that in any event, Plaintiff

15  agreed to repay the money it borrowed, so Plaintiff fails to state

16  a claim based on Defendant's receipt of money it was not owed.  MTD

17  at 12-13.

18      California courts split on whether or not quasi contract is an

19  independent claim for relief.  Compare Davenport v. Litton Loan

20  Servicing, LP, 725 F. Supp. 2d 862, 885 (N.D. Cal. 2010)

21  (suggesting quasi contract can be its own basis for relief) with

22  Bernardi v. JPMorgan Chase Bank, N.A., No. 5:11-cv-04212 EJD, 2012

23  WL 2343679, at *3 (N.D. Cal. June 20, 2012) (holding unjust

24  enrichment is not an independent claim for relief).  In this case,

25  because Plaintiff argues that it would be unjust to allow Defendant

26  to retain money procured through fraudulent or unenforceable

27

28  [1] The Court GRANTS Defendant's unopposed request for judicial
    notice under Federal Rule of Evidence 201.

**United States District Court**
For the Northern District of California

1   documents, the Court finds it equitable to allow Plaintiff's unjust

2   enrichment claim to stand on its own.  See Davenport, 725 F. Supp.

3   2d at 885.

4        Defendant's second argument -- that Plaintiff agreed to repay

5   money it borrowed and therefore cannot contend that Defendant

6   retained money unjustly -- ignores the fact that Plaintiff's claim

7   is based on his allegation that the relevant contract is void.

8   Defendant's motion to dismiss on this ground is DENIED.

9   Plaintiff's unjust enrichment claim survives.

10       **F.   <u>UCL</u>**

11       The UCL prohibits unfair competition, which is defined as "any

12  unlawful, unfair or fraudulent business act or practice."  Cal.

13  Bus. & Prof. Code § 17200.  Each one of these prongs is a different

14  cause of action.  <u>Cel-Tech Comm'cns, Inc. v. L.A. Cellular Tel.</u>

15  <u>Co.</u>, 20 Cal. 4th 163, 180 (Cal. 1999).  Plaintiff does not specify

16  under which prong he brings this claim, other than the fraudulent

17  prong, and much of this claim does not actually map to what

18  Plaintiff pled.  See Compl. ¶¶ 121.  Despite this failing, the

19  Court finds that Plaintiff has adequately pled a UCL fraud claim,

20  based on his allegation that Defendant's behavior, described above,

21  is likely to deceive consumers.  See id. ¶¶ 119-121.

22       Without addressing fraud, the sole UCL claim Plaintiff has

23  specifically pled, Defendant moves to dismiss this cause of action,

24  arguing that the UCL requires a predicate legal violation and that

25  Plaintiff has failed to plead damages.  See MTD at 15.  Defendant

26  is wrong.  First, Plaintiff has adequately pled predicate causes of

27  action -- which are not necessarily required, except so far as the

28  unlawfulness prong borrows from violations of other laws, see Cel-

15

**United States District Court**
For the Northern District of California

1  <u>Tech</u>, 20 Cal. 4th at 180 -- and second, Plaintiff adequately

2  alleged damages, as discussed above.

3      Plaintiff's UCL fraud claim survives, but Plaintiff's other

4  UCL claims are DISMISSED without prejudice.  They are inadequately

5  pled, but Plaintiff has leave to amend his UCL claim in order to

6  explain how or whether Defendant violated the UCL unfairness or

7  unlawfulness prongs.  The Court finds that Plaintiff's references

8  to the Unfair Practices Act ("UPA"), Cal. Bus. & Prof. Code § 17000

9  <u>et seq.</u>, in his UCL claim are impermissibly vague and conclusory.

10 If Plaintiff chooses to re-allege any violations of the UPA, he

11 must do so in accordance with Rule 8.

12      **G.    <u>TILA</u>**

13     Plaintiff alleges a TILA violation against Defendant for

14 failing to record documents reflecting any defendant as a lawful

15 lender, rendering the NODs and foreclosure sale fraudulent,

16 defective, and void.  Compl. ¶¶ 112-115.  TILA was enacted to

17 ensure "a meaningful disclosure of credit terms so that the

18 consumer will be able to compare more readily the various credit

19 terms available to him and avoid the uninformed use of credit, and

20 to protect the consumer against inaccurate and unfair credit

21 billing and credit card practices." 15 U.S.C. § 1601(a).  <u>See also</u>

22 <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986); <u>Hubbard v.</u>

23 <u>Fid. Fed. Bank</u>, 91 F.3d 75, 79 (9th Cir. 1996).

24     Defendant moves to dismiss Plaintiff's TILA claim on three

25 grounds: first, that the claim is time-barred because TILA has a

26 one-year limitations period accruing upon consummation of the loan;

27 second, that the claim does not allege specific facts that could

28 support recovery; and third, that Plaintiff's allegations about the

**United States District Court**
For the Northern District of California

1  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et

2  seq., are inapposite because Defendant is not a debt collector, and

3  foreclosure pursuant to a DOT is not collection of a debt per the

4  FDCPA.  MTD at 13-14.

5      The Court finds for Defendant on all grounds.  Plaintiff does

6  not join any of these arguments in his opposition brief, but

7  regardless, Plaintiff filed his complaint seven years after the

8  Loan documents were executed, so the claim is time-barred.  15

9  U.S.C. § 1640(e).  Further, Plaintiff's TILA claim fails to plead

10 specific, plausible facts as to how Defendant violated TILA.  See

11 Comp. ¶¶ 112-15.  Finally, as Defendant notes, foreclosure under a

12 DOT is not debt collection per the FDCPA.  See, e.g., Garcia v. Am.

13 Home Mortg. Serv., Inc., No. 11-CV-03678-LHK, 2011 WL 6141047, at

14 *4 (N.D. Cal. Dec. 9, 2011) ("non-judicial foreclosure does not

15 constitute 'debt collection' as defined by the [FDCPA]"); Garfinkle

16 v. JPMorgan Chase Bank, N.A., No. C 11-01636 CW, 2011 WL 3157157,

17 at *3 (N.D. Cal. July 26, 2011) (collecting cases).

18     Plaintiff's TILA claim is DISMISSED with leave to amend, so

19 that Plaintiff can explain how (if so) his TILA claim's statute of

20 limitations is tolled.  King, 784 F.2d at 915 (equitable tolling of

21 civil damages claims brought under TILA may, in the appropriate

22 circumstances, suspend the limitations period until the borrower

23 discovers or had reasonable opportunity to discover the fraud or

24 nondisclosures that form the basis of the TILA action).  Plaintiff

25 may not reassert a TILA claim that depends on the FDCPA.  That

26 portion of the claim is DISMISSED WITH PREJUDICE.

27 ///

28 ///

17

1      **H.   Declaratory Relief**

2          Plaintiff seeks declaratory relief under California Code of

3      Civil Procedure section 1060, in order to decide the rights and

4      interests of Plaintiff and Defendant and to issue an injunction as

5      to Defendant's behavior.  Compl. ¶¶ 132-37.  This claim lacks

6      specificity, and in any event, declaratory relief is a remedy, not

7      a cause of action.  This claim is DISMISSED WITH PREJUDICE.

8

9      **V.   CONCLUSION**

10         As explained above, the Court GRANTS in part and DENIES in

11     part Defendant Wells Fargo Bank N.A.'s motion to dismiss Plaintiff

12     Karthik Subramani's first amended complaint.  The Court orders as

13     follows:

14         (1)  Plaintiff's wrongful foreclosure claim is undisturbed.

15         (2)  Plaintiff's constructive fraud claim is DISMISSED with

16              leave to amend.

17         (3)  Plaintiff's cancellation of fraudulent instruments claim

18              is undisturbed.

19         (4)  Plaintiff's claim under California Civil Code section

20              2934a(a)(1)(A) is DISMISSED WITH PREJUDICE.

21         (5)  Plaintiff's unjust enrichment claim is undisturbed.

22         (6)  Plaintiff's TILA claim is DISMISSED with leave to amend.

23         (7)  Plaintiff's UCL fraud claim is undisturbed, but his

24              claims under the unfair and unlawful prongs of the UCL

25              are DISMISSED with leave to amend.

26         (8)  Plaintiff's declaratory relief claim is DISMISSED WITH

27              PREJUDICE.

28     ///

**United States District Court**
For the Northern District of California

18

1        Plaintiff is on notice that any amended pleading must comport

2   with Rules 8 and 9(b).

3

4        IT IS SO ORDERED.

5

6        Dated: October  30 , 2013



7                                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28