IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KARTHIK SUBRAMANI,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK N.A., FIDELITY NATIONAL TITLE COMPANY, and DOES 1-100,<br><br>    Defendants. | Case No. C 13-1605 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO <u>DISMISS</u> |

### I. INTRODUCTION

Now before the Court is Defendant Wells Fargo Bank N.A.'s ("Defendant") motion to dismiss Plaintiff Karthik Subramani's ("Plaintiff") second amended complaint. ECF Nos. 35 ("SAC"), 36 ("MTD"). The matter is fully briefed, ECF Nos. 38 ("Opp'n"), 40 ("Reply"), and appropriate for decision without oral argument, Civ. L.R. 7-1(b). As explained below, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss.

///

///

## II. BACKGROUND

### A. Factual Background

The facts alleged in the SAC are substantially similar to those alleged in Plaintiff's prior pleading. This action arises from a $479,600 mortgage loan (the "Loan") Plaintiff obtained from Defendant on October 18, 2006, recorded by an adjustable-rate promissory note and secured by a deed of trust ("DOT") against residential real property in Livermore, California. The DOT states that Plaintiff agreed to repay the borrowed $479,600 or risk foreclosure, and that "[t]he Note or a partial interest in the note (together with this Security Instrument) can be sold one or more times without prior notice to [Plaintiff]." Defendant was the original lender under the DOT, and Fidelity National Title Insurance Company ("FNTIC") -- purportedly not the same entity as the non-appearing defendant FNTC -- was the original trustee.

Plaintiff alleges that Defendant first sold the Loan to Wells Fargo Asset Securities Corporation ("WFASC") sometime around October 24, 2006. Soon after that, WFASC allegedly bundled Plaintiff's Loan (consisting of the note and DOT) with other mortgages into a mortgage-backed securities pool, the Wells Fargo Mortgaged Backed Securities 2006-AR18 Trust, Mortgage Pass-Through Certificates, Series 2006-AR18 (the "WFMBS 2006-AR18 Trust"). The WFMBS 2006-ARIB Trust had been established on October 1, 2006 with the execution of a pooling and servicing agreement ("PSA"). According to Plaintiff, one effect of the PSA was to prohibit assignment of the DOT and note before the trust's "Closing Date" of October 24, 2006.

On July 23, 2009, Plaintiff received a notice of default

1  ("NOD") from First American Title Insurance Company acting as an
2  agent for First American Loanstar Trustee Services ("First American
3  Loanstar") as purported "Agent for the Current Beneficiary."
4  Compl. Ex. B ("NOD 1").  According to Plaintiff, statements
5  associated with that NOD suggested without stating that Defendant
6  was the "current beneficiary" of the Loan.
7       On August 25, 2009, First American Loanstar, acting as
8  "attorney in fact for [Defendant]," issued a Substitution of
9  Trustee ("SOT 1"), substituting itself as trustee.
10      Plaintiff's first NOD was rescinded on September 10, 2010, but
11 Plaintiff defaulted again and a second NOD was recorded on May 10,
12 2011.  The second NOD was issued on May 4, 2011, by LSI Title
13 Company acting as agent for FNTC.  According to Plaintiff, the
14 second NOD stated that Defendant was the original beneficiary under
15 the DOT, but did not state who the current beneficiary was.
16      On May 6, 2011, between the issuance and recordation of the
17 second NOD, Defendant issued a second Substitution of Trustee ("SOT
18 2") appointing FNTC as substitute in place of FNTIC as trustee
19 under the DOT.  Three months later, on August 11, 2011, the second
20 SOT was recorded.
21      Plaintiff did not cure his second default, and on August 11,
22 2011 -- the same day the second SOT was recorded -- FNTC, acting as
23 trustee under the DOT, issued and caused recording of the Notice of
24 Trustee Sale.  A year later, on August 9, 2012, FNTC sold
25 Plaintiff's Property in a foreclosure sale to non-party California
26 Equity Management Group, Inc., and issued the Trustee's Deed Upon
27 Sale ("TDUS") on August 15, 2012.
28      Plaintiff contends that all of the legal documents described

3

above were void because Defendant was no longer the valid lender in the DOT, or even an agent of a successor beneficiary, after it sold the Loan in 2006. According to Plaintiff, Defendant did not assign the DOT or endorse the note pursuant to the PSA. Nor did Defendant abide by California law regarding the endorsement, assignment, and recordation of notes and DOTs. Plaintiff therefore states that after Defendant sold the Loan, neither Defendant nor anyone else had any right to or interest in the Loan, so all legal notices associated with the note and DOT -- including the SOTs, NODs, and the foreclosure sale itself -- are illegal and void.

### B.  Procedural History

Plaintiff filed this action in federal court in April 2013. He subsequently filed a first amended complaint, asserting causes of action for: (1) wrongful foreclosure; (2) constructive fraud; (3) cancellation of fraudulent instruments; (4) violation of California's nonjudicial foreclosure statute, Cal. Civ. Code § 2934a(a)(1)(A); (5) unjust enrichment; (6) violation of the federal Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; (7) violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code Section 17200; and (8) declaratory relief. ECF No. 24 ("FAC").

Defendant moved to dismiss the FAC in its entirety, and the motion was granted in part and denied in part on October 31, 2013. ECF No. 33 ("Oct. 31 Order"). For the most part, the Court declined to disturb Plaintiff's claims for wrongful foreclosure, cancellation of fraudulent instruments, unjust enrichment, and UCL fraud. Id. at 18. The Court dismissed with leave to amend Plaintiff's claims for constructive fraud, TILA, and UCL unfairness

4

and unlawfulness. Id. The remaining claims were dismissed with prejudice.

Plaintiff subsequently filed the SAC, which reasserts the claims the Court declined to disturb, along with the claims that it dismissed with prejudice. The only material difference between the SAC and the FAC is that the SAC contains new allegations regarding a fiduciary relationship between Plaintiff and Defendant. In filing the SAC, Plaintiff disregarded much of the guidance provided in the October 31 Order. Defendant does too, as it now moves to dismiss the SAC in its entirety, including those claims that the Court previously found were sufficiently pleaded.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a

5

complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.  DISCUSSION

Notwithstanding the Court's October 31 Order denying Defendant's motion to dismiss Plaintiff's claims for wrongful foreclosure, cancellation of written instruments, unjust enrichment, and UCL fraud, Defendant now moves to dismiss those claims again. It is unclear whether Defendant is asking the Court to reconsider its prior ruling. In any event, Defendant's arguments are meritless. Plaintiff pleads the same facts in support of these claims, and the Court declines to disturb the findings of the October 31 Order. The Court considers only those claims that it previously dismissed with leave to amend: constructive fraud, TILA, and UCL unfairness and unlawfulness.

### A.  Constructive Fraud

To state a prima facie claim for constructive fraud, a plaintiff must allege (1) a fiduciary or confidential relationship; (2) an act, omission or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage. Assilzadeh v. Cal. Fed. Bank, 82 Cal. App. 4th 399, 414 (Cal. Ct. App. 2000). As to the first element, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a

1  mere lender of money," and commercial lenders "[are] entitled to
2  pursue [their] own economic interests in a loan transaction."
3  Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096
4  & 1093 n.1 (Cal. Ct. App. 1991) (citations omitted).
5      The Court previously dismissed Plaintiff's claim for
6  constructive fraud on the ground that Plaintiff failed to allege a
7  fiduciary relationship between himself and Defendant.  Oct. 31
8  Order at 12-13.  While Plaintiff's SAC contains new conclusions
9  regarding the existence of a fiduciary relationship, it offers no
10 new factual allegations.  See SAC ¶ 90.  Plaintiff merely pleads
11 that Defendant provided him with a loan, that "he TRUSTED his
12 lender to act in good faith [and] keep the chain of title clear,"
13 and that "Plaintiff did not expect his investment to fund some sort
14 of Wall Street securities."  Id.  But it is the lender's conduct,
15 not the borrower's expectations, that creates a fiduciary
16 relationship.  Here, Plaintiff has pleaded nothing more than an
17 ordinary loan transaction.  Plaintiff also targets Defendant's
18 alleged bad faith conduct after the completion of the loan
19 transaction, see id., but he cites no authority establishing that
20 such conduct can create a fiduciary relationship.
21     Plaintiff's claim for constructive fraud fails.  As it appears
22 that further amendment would be futile, the claim is DISMISSED WITH
23 PREJUDICE.
24     **B.   TILA**
25     The Court previously dismissed Plaintiff's TILA claim with
26 leave to amend so that Plaintiff could plead new facts establishing
27 that the claim is not time-barred.  Oct. 31 Order at 16-17.
28 Plaintiff has failed to plead such facts in the SAC.  In fact, the

TILA claims pleaded in the SAC and FAC are virtually identical. Compare FAC 112-117 with SAC ¶¶ 101-105. Further, although Defendant raises a statute of limitations argument in its motion to dismiss, Plaintiff fails to join the issue in his opposition brief. Plaintiff also fails to address a number of other concerns raised in the Court's October 31 Order, including its instruction that the FDCPA cannot support Plaintiff's TILA claim. Accordingly, Plaintiff's TILA claim is DISMISSSED WITH PREJUDICE.

**C. UCL**

In its October 31 Order, the Court dismissed Plaintiff's UCL claim to the extent it was predicated on unfair or unlawful practices. Oct. 31 Order at 15-16. Plaintiff had failed to specify whether he was asserting a claim under the unfair and unlawful prongs of the UCL, and the Court found Plaintiff's references to the Unfair Practice Act impermissibly vague. Id. at 16. The UCL claim pleaded in the SAC is virtually identical to the one pleaded in the FAC. Compare FAC ¶¶ 118-31 with SAC ¶¶ 106-20. The only difference is an additional conclusory paragraph in the SAC asserting: "Plaintiff properly alleges that Defendants completed an illegal Trustee Sale of the Plaintiff's Property . . . ." SAC ¶ 120. As Plaintiff has made no effort to comply with the Court's guidance, his UCL claim is DISMISSED WITH PREJUDICE to the extent that it is predicated on the unfair and unlawful prongs of the statute.

**V. CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's SAC is GRANTED in part and DENIED in part. Plaintiff's

claims for constructive fraud and TILA are DISMISSED WITH PREJUDICE.  The Court also DISMISSES WITH PREJUDICE Plaintiff's UCL claim to the extent it is predicated on allegedly unfair and unlawful practices.  The other causes of action pleaded in the SAC remain undisturbed, except to the extent they were dismissed by the Court's October 31 Order.

    IT IS SO ORDERED.

    Dated: January 28, 2014

UNITED STATES DISTRICT JUDGE