EDWARD R. BUELL, III (State Bar No. 240494)
erb@severson.com
GURINDER S. GREWAL (State Bar No. 277975)
gsg@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

| | |
|---|---|
| KARTHIK SUBRAMANI,<br><br>   Plaintiff,<br><br>  vs.<br><br>WELLS FARGO BANK, N.A.; FIDELITY NATIONAL TITLE COMPANY; and DOES 1 through 100, inclusive,<br><br>   Defendants. | Case No. 13cv1605 SC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: May 30, 2014<br>Time: 10:00 a.m.<br>Ctrm: 1, The Hon. Samuel Conti<br><br>Action Filed: April 9, 2013<br>Trial Date: None Set |

   Pursuant to the Standing Order for all Judges of the Northern District of California, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and Plaintiff Karthik Subramani ("Plaintiff") (collectively "the parties") submit the following Joint Case Management Statement.

   1. <u>Jurisdiction and Service</u>:  This Court has subject matter jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331 because Plaintiffs allege violations of federal laws of the United States.  No issues have been raised with respect to personal jurisdiction and service on Wells Fargo.

   2. <u>Facts</u>:  On or about October 18, 2006, Plaintiff obtained a loan in the principal amount of $479,600 from Wells Fargo secured by a deed of trust to the property commonly known as 6060 Autumn Leaf Common, Livermore, California ("Subject Property").  By July 23, 2009, Plaintiff had fallen behind on his Loan repayments and owed $10,678.75 in arrears, causing a

1 notice of default to be recorded. On May 10, 2011 another notice of default was recorded because Plaintiff again owed over $10,000 in arrears. On August 11, 2011 Wells Fargo substituted Fidelity National Title Company ("Fidelity") in as trustee. Fidelity then recorded a notice of trustee sale setting August 31, 2011 as the sale date. The sale went forward nearly a year later, on August 9, 2012, when the Subject Property was sold to California Equity Management Group, Inc. as the highest bidder with a bid of $286,000.

3. <u>Legal Issues</u>: Causes of action for Wrongful Foreclosure, Cancellation of Fraudulent Instruments, Unjust Enrichment, and Violation of California Business and Professions Code Section 17200 remain after Wells Fargo's Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"). However, the Cancellation of Fraudulent Instruments cause of action is dismissed to the extent it is predicated on the alleged violation of California Civil Code Section 2932.5. Additionally, the Violation of California Business and Professions Code Section 17200 cause of action is dismissed to the extent it is predicated on allegedly unfair and unlawful practices.

4. <u>Motions</u>: Wells Fargo brought a Motion to Dismiss the SAC, which was granted in part and denied in part. Wells Fargo expects to file a Motion for Judgment on the Pleadings, and a Motion for Summary Judgment if necessary.

5. <u>Amendment of Pleadings</u>: Plaintiff has amended his pleadings twice, and the operative SAC at this time is the third iteration of Plaintiff's claims. An answer to the SAC has been filed, and no amendments to the SAC are anticipated at this time.

6. <u>Evidence Preservation</u>: The parties agree to preserve all relevant evidence, including electronic evidence and e-mail, in its current form, until the conclusion of this litigation.

7. <u>Disclosures</u>: The parties have not made their Initial Disclosures pursuant to Fed.R.Civ.P. 26. The parties propose Initial Disclosure being made within 14 days of the Case Management Conference.

8. <u>Discovery</u>: No discovery has been conducted to date. The parties anticipate serving Interrogatories, Requests for Production, Requests for Admission, and noticing depositions. No modifications of the discovery rules are requested at this time, nor have the

1  parties entered into a stipulated e-discovery order.  The parties have not identified any discovery
2  disputes at this time.  The parties propose the following discovery plan pursuant to Fed. R. Civ. P.
3  26(f)(3):

4      a.   The parties request that initial disclosure be due within 14 days of the Case
5          Management Conference.

6      b.   Discovery will pertain to details regarding Plaintiff's loan with Wells Fargo and
7          Plaintiff's failure to repay that loan.  At this time, the Parties anticipate that
8          discovery will be completed by November 2014.

9      c.   There are no issues about the disclosure or discovery of electronically stored
10          information at this time.

11      d.   The parties acknowledge that discovery in this action may require the production of
12          privileged, confidential, or proprietary information, and will attempt to stipulate to
13          a proposed protective order if/when these issues arise.

14      e.   No modifications of the discovery rules are requested at this time by the parties.

15      f.   At this time, the parties request a scheduling order pursuant to Fed. R. Civ. P.
16          16(b).

17    9.   <u>Class Action</u>:  This is not a class action.

18    10.   <u>Related Cases</u>:  There are no related cases.

19    11.   <u>Relief</u>:  Plaintiff seeks an order rescinding the foreclosure sale of the Subject
20  Property and voiding the Trustee's Deed Upon Sale; quieting title in his favor; cancelling the
21  Substitution of Trustee and the default and foreclosure notices; enjoining Defendants from ever
22  foreclosing on the Subject Property; declaring that foreclosure by Defendants on the Subject
23  Property was illegal and that Defendants have been unjustly enriched; and curing Plaintiff's credit
24  report.  Plaintiff also seeks general, compensatory and special damages, including attorney's fees
25  and costs.  Wells Fargo prays that Plaintiff takes nothing by reason of the SAC, that judgment be
26  entered in favor of Wells Fargo and against Plaintiff, that Wells Fargo be granted its reasonable
27  attorneys' fees and costs, and such other and further relief that this Court deems proper.

28    12.   <u>Settlement and ADR</u>:  After the last status conference on March 21, 2014, the

parties agreed that engaging in the Court's ADR program would be a waste of resources if the parties' initial offers were so far apart that settlement would be impossible. The parties engaged in settlement negotiations to resolve the matter informally, but are too far apart to justify expending resources in an ADR program. The parties are at an impasse and agree that further ADR will not be fruitful.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Wells Fargo consented to the Honorable Magistrate Judge Donna M. Ryu for all purposes. However, Plaintiff failed to consent to the Honorable Magistrate Judge Donna M. Ryu for all purposes, resulting in this case being transferred to the Honorable Judge Samuel Conti.

14. <u>Other References</u>: The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: The issues have been narrowed by the order granting in part and denying in part Wells Fargo's Motion to Dismiss the SAC. There are no requests to bifurcate issues, claims, or defenses at this time.

16. <u>Expedited Trial Procedure</u>: The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. <u>Scheduling</u>: No trial date has been scheduled at this time. The parties request that a trial date be set. The parties anticipate that they will be ready for trial in 2015.

18. <u>Trial</u>: Plaintiff requests a jury trial and estimates it would take approximately 4-6 court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Wells Fargo is a subsidiary of Wells Fargo & Company, which is publicly traded on the New York Stock Exchange under the symbol WFC. No individual or entity owns 10% or more of the outstanding shares of Wells Fargo & Company.

20. <u>Other Issues</u>: The parties have not identified any other issues that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED:  May 20, 2014                    SEVERSON & WERSON
                                        A Professional Corporation


                                        By:*/s/ Gurinder S. Grewal*
                                              Gurinder S. Grewal

                                        Attorneys for Defendant
                                        Wells Fargo Bank, N.A.



DATED:  May 20, 2014                    LAW OFFICE OF MARK W. LAPHAM


                                        By:*Mark W. Lapham*
                                              Mark W. Lapham

                                        Attorney for Plaintiff
                                        Karthik Subramani


I, Gurinder S. Grewal, am the ECF user whose identification and password are being used to file this Joint Case Management Statement.  I hereby attest that Mark W. Lapham has concurred in this filing.

*/s/ Gurinder S. Grewal*