Mark W. Lapham, Esq. (SBN 146352)
**LAW OFFICES OF MARK W. LAPHAM**
751  Diablo Rd.
Danville, CA 94526
TEL:   (925) 837-9007
FAX:  (925) 405-1616

Attorney for Plaintiff
KARTHIK SUBRAMANI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| KARTHIK SUBRAMANI, | Case No. 13-cv-01605-SC |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO COMPEL AMENDED RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION; REQUEST FOR MONETARY SANCTIONS** |
| vs. | |
| WELLS FARGO BANK, N.A.; FIDELITY NATIONAL TITLE COMPANY; and DOES 1 through 100, inclusive, | Date:     December 12, 2014<br>Time:     10 a.m.<br>Ctrm.:     1, 17th Floor |
| Defendants. | Action Filed:     April 9, 2013<br>Trial Date:     February 23, 2015 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff, Karthik Subramani, by and through his attorneys, hereby opposes Wells Fargo's

Notice of Motion and Motion to Compel Amended Answers to First Set of Requests for

Admission and Request for Sanctions.  This opposition is based on the following Memorandum of

Points and Authorities and exhibits attached thereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.        FACTUAL AND PROCEDURAL BACKGROUND

Defense counsel propounded discovery to the Plaintiff which consisted of Requests for

1

13-cv-01605-SC

1   Admission (Set One), Interrogatories (Set One) and Requests for Production of Documents (Set

2   One).  Plaintiff provided complete answers to all of the discovery requests on November 10, 2014.

3   Plaintiff also provided the report of its expert on November 25, 2014- 90 days in advance of trial

4   as required by FRCP 26(a)(2).

5          On November 13, 2014, Wells Fargo propounded Interrogatories (Set Two) to the Plaintiff.

6   Plaintiff's Responses to Requests for Admission Set One and Wells Fargo's Interrogatories are

7   attached hereto as **Exhibits "A"** and **"B"**, respectively.

8          On November 18, 2014, Plaintiff served discovery on Wells Fargo consisting of Requests

9   for Admission, Interrogatories and Requests for Production of Documents. Wells Fargo refuses to

10  provide any responses to Plaintiff's discovery on the ground of improper service.

11         On November 24, 2014, Wells Fargo filed its Motion to Compel Amended Responses to

12  First Set of Requests for Admission and Request for Monetary Sanctions together with its Request

13  for an Order Shortening Time to Hear Motion to Compel.  Plaintiff did not oppose the Motion for

14  an Order Shortening Time.

15         In its Motion to Compel Amended Responses to First Set of Request for Admission

16  ("RFA"), Wells Fargo objects to the form of responses to RFA Nos. 5, 8 and 9. Motion to Compel

17  ("MTC") at 3, 4.  Plaintiff's response to each of these admissions requests is: "Plaintiff is without

18  sufficient knowledge or information to form a belief as to the truth of the RFA and, on that basis,

19  denies the RFA". Defendant objects to this response on the ground that Plaintiff was required to

20  state that he has made reasonable inquiry and that the information he knows or can readily obtain

21  is insufficient to enable him to admit or deny. MTC at 3.

22         In order to elicit further responses to RFA Set One, on November 13, 2014, Wells Fargo

23  propounded Interrogatories. Interrogatories Set Two relates to Plaintiff's denial of RFA Set One

24  Nos. 3, 5, 8 and 9.  Specifically Interrogatories Set Two requests Plaintiff to state all facts

25  supporting his denial of the admissions requests. *See* Exhibit "B" hereto.

26         Plaintiff's responses to Interrogatories Set Two are due on December 16, 2014. Plaintiff's

27  responses to Interrogatories Set Two will cure the deficiencies in the form of the denial to RFA

28

Plaintiff's Opposition to Wells Fargo's Motion to Compel and Request for Monetary Sanctions

1  Nos. 3, 8 and 9.  Therefore, Wells Fargo's Motion to Compel is premature.

2  ## II.    LEGAL STANDARDS

3  Federal Rule of Civil Procedure 36 governs Requests for Admission. FRCP 36(a)(6) sets

4  forth the rules regarding a Motion Regarding the Sufficiency of an Answer or Objection and reads

5  as follows:

6  The requesting party may move  to determine the sufficiency of an answer or objection.
   Unless the court finds an objection justified, it must order that an answer be served.  On

7  finding that an answer does not comply with this rule,  the court may order either that the
   matter is admitted or that an amended answer be served. the court may defer its final

8  decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to
   an award of expenses.

9

10  The standards enunciated in FRCP 36(a)(6) apply to the motion under consideration.

11  ## III.    ARGUMENT

12   Plaintiff concedes that Wells Fargo's objection to his responses to RFA Nos. 5, 8 and 9 are

13  well taken. His responses should have included the statement that he made reasonable inquiry and

14  that the information known to him or readily obtainable is insufficient to enable him to admit or

15  deny the RFA.  *See* FRCP 36(a)(4).  However, in "meet and confer" discussions with Plaintiff's

16  counsel, Defendants' objections to responses to discovery were global and not limited to responses

17  to RFA 5, 8 and 9.  Moreover, Wells Fargo's specific objections to Plaintiff's responses to RFA 5,

18  8 and 9 did not focus on the form of the response but the fact that Plaintiff denied each of these

19  requests for admission.  In other words, Wells Fargo did not get the responses it wanted.

20  Plaintiff's responses to Interrogatories Set Two are due on December 16, 2014. His

21  responses will cure the deficiencies as to form.  Wells Fargo's Motion to Dismiss is clearly

22  unnecessary.

23  ## IV.    MONETARY SANCTIONS ARE NOT WARRANTED

24  Defendants filed the instant motion before waiting for Plaintiff's responses to

25  Interrogatories Set Two.  Therefore, the motion is unnecessary.  Monetary sanctions are, thus,

26

27

28

Plaintiff's Opposition to Wells Fargo's Motion to Compel and Request for Monetary Sanctions

1  unwarranted under FRCP 37(a)(5)(A)(i).  In addition, Plaintiff provided substantive responses to

2  each and every RFA Set One.  Therefore, Plaintiff's responses to RFA 5, 8 and 9 are substantially

3  justified. FRCP 37(a)(5)(A)(ii).

4       For the foregoing reasons, Plaintiff respectfully requests that the Court deny Wells Fargo's

5  Request for Sanctions.

6                          Respectfully submitted,

7

8  DATED:  December 9, 2014          **LAW OFFICES OF MARK W. LAPHAM**

9                           By:     /s/ Mark W. Lapham

10                               Mark W. Lapham
                    Attorney for Plaintiff Karthik Subramani

4

13-cv-01605-SC

Plaintiff's Opposition to Wells Fargo's Motion to Compel and Request for Monetary Sanctions

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 751 Diablo Road, Danville, CA 94526.

On December 9, 2014, I served true copies of the following document(s):

- **PLAINTIFF'S OPPOSITION TO WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO COMPEL AMENDED RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION; REQUEST FOR MONETARY SANCTIONS**

On the interested parties in this action as follows:

Gurinder S. Grewal, Esq.
SEVERSON & WERSON
One Embarcadero Center, Suite 2600,
San Francisco, CA 94111.
Fax: (415)956-0439
Phone: (415)398-3344
Email: gsg@severson.com

**XXX   BY CM/ECF NOTICE OF ELECTRONIC FILING**: I caused said document(s) to be served by means of this Court's Notice of Electronic Filing, to the parties and/or counsel who registered CM/ECF Users are set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 9, 2014, at San Francisco, California.

/s/ Mark W. Lapham
Mark W. Lapham