United States District Court
For the Northern District of California

1

2

3

4              IN THE UNITED STATES DISTRICT COURT

5             FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   KARTHIK SUBRAMANI,              )  Case No. 13-cv-01605-SC
                                    )
8            Plaintiff,             )  ORDER GRANTING DEFENDANT'S
                                    )  MOTIONS TO COMPEL
9      v.                           )
                                    )
10  WELLS FARGO BANK, N.A.; FIDELITY )
    NATIONAL TITLE COMPANY; et al., )
11                                  )
                                    )
12           Defendants.            )
                                    )
13                                  )
                                    )
14                                  )
                                    )
15                                  )
    _____ )
16

17  I.    **INTRODUCTION**

18        Now before the Court are Defendant Wells Fargo Bank, N.A.'s

19  ("Wells Fargo") motions to compel responses to requests for

20  admission, ECF No. 53 ("RFA Mot."), and to compel responses to

21  Wells Fargo's first set of interrogatories, ECF No. 54 ("Interr.

22  Mot.").  Wells Fargo also seeks monetary sanctions.  Both motions

23  are fully briefed,[1] and the Court finds them suitable for

24  disposition without oral argument pursuant to Civil Local Rule 7-

25  1(b).  For the reasons set forth below, the motions are GRANTED,

26  and Wells Fargo's request for sanctions is DENIED WITHOUT

27  _____

28  [1] ECF Nos. 58 ("Interr. Opp'n"), 59 ("RFA Opp'n"), 61 ("Interr.
    Reply"), 62 ("RFA Reply").

PREJUDICE.

## II.   BACKGROUND

This is a mortgage foreclosure case.  Plaintiff Karthik Subramani alleges that Wells Fargo securitized his home loan in violation of the terms of a Pooling and Servicing Agreement.  On October 7, 2014, Wells Fargo served upon Mr. Subramani its First Set of Requests for Admission and First Set of Interrogatories. Grewal Decl. I ¶ 2.  On November 10, 2014, Mr. Subramani served on Wells Fargo responses to both the interrogatories and the requests for admission.  Id. ¶¶ 5-6.  The next day, counsel for Wells Fargo contacted counsel for Mr. Subramani to express Wells Fargo's concerns with Mr. Subramani's responses.  Id. Ex. E.  Mr. Subramani's attorney responded by asserting that the responses "answered the questions and were responsive."  Id. Ex. F.  Mr. Subramani's attorney refused to amend the answers but informed Wells Fargo that it had "the option of making a motion to compel with the Court for the relief you seek."  Id.  Wells Fargo now moves to compel.

## III.  DISCUSSION

The Federal Rules of Civil Procedure authorize party-initiated discovery of any evidence that is relevant to any party's claims or defenses.  Fed. R. Civ. P. 26(b)(1).

### A.    Requests for Admission

Federal Rule of Civil Procedure 36 provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters

**United States District Court**
For the Northern District of California

2

**United States District Court**
For the Northern District of California

within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either . . . ." Fed. R. Civ. P. 36(a).  The same rule requires that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed R. Civ. P. 36(a)(4).  Additionally, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Id.  If the requesting party believes an answer to be insufficient or an objection to be meritless, that party may move to determine the answer or objection's sufficiency.  Fed. R. Civ. P. 36(a)(5).

Wells Fargo asserts that Mr. Subramani's answers to requests for admission ("RFA") numbers 5, 8, and 9 were insufficient.  RFA 5 asks Mr. Subramani to "Admit that YOU did not make payments on the LOAN to any entity other than WELLS FARGO." ECF No. 53-2 ("Grewal Decl. I") Ex. A.  Mr. Subramani responded: "Plaintiff is without sufficient knowledge or information to form a belief as to the truth of RFA 5 and, on that basis, denies the RFA."  This response is inadequate for two reasons.  First, it does not indicate, as required by Rule 36(a)(4), that Mr. Subramani made a reasonable inquiry before denying sufficient knowledge and information to respond.  Second, as Wells Fargo points out, Mr. Subramani "certainly has personal knowledge of who he made payments to on the loan." RFA Mot. at 3.  Mr. Subramani either needs to admit to this matter, specifically deny it, "or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P.

36(a)(4) (emphasis added).  When the question asks for information that Mr. Subramani is very likely to have, Mr. Subramani must respond in much more detail and explain why he does not have that information.  A bare assertion that he performed a reasonable inquiry and lacks information on this matter is insufficient; he must explain in detail why he cannot truthfully admit or deny this request for admission.

RFA number 8 asks Mr. Subramani to "Admit that WELLS FARGO never promised that the LOAN would not be SECURITIZED."  Grewal Decl. I Ex. A.  Mr. Subramani responded, "Plaintiff is without sufficient knowledge or information to form a belief as to the truth of RFA 8 and, on that basis, denies the RFA." Id. Ex. C. For the same reasons described above, Mr. Subramani's response is insufficient.  In this case, the circumstances surrounding the securitization of the loan is critical.  The Second Amended Complaint ("SAC") alleges that Wells Fargo transferred Mr. Subramani's mortgage loan to a securitization trust in violation of California law.  ECF NO. 35 ("SAC") ¶¶ 14-15.  This RFA therefore requests admission of a matter about which Mr. Subramani is eminently likely to have information and which forms a crucial part of one of his claims against Defendants.  Mr. Subramani must admit or deny the request, or explain in detail why he cannot do so.

Finally, RFA number 9 asks Mr. Subramani to "Admit that SECURITIZATION did not change the PAYMENT SCHEDULE for the LOAN." Mr. Subramani answered, "Plaintiff is without sufficient knowledge or information to form a belief as to the truth of RFA 9 and, on that basis, denies the RFA."  Once again, and for the same reasons, this response is insufficient.  Mr. Subramani must admit or deny

**United States District Court**
For the Northern District of California

1  the request, or explain <u>in detail</u> why he cannot do so.  Wells

2  Fargo's motion to compel is GRANTED with respect to request for

3  admission numbers 5, 8, and 9.

4      **B.**    <u>**Interrogatories**</u>

5      Rule 33 permits a party to "serve on any other party no more

6  than 25 written interrogatories . . . ."  Fed. R. Civ. P. 33(a)(1).

7  "Each interrogatory must, to the extent it is not objected to, be

8  answered separately and fully in writing under oath."  Fed. R. Civ.

9  P. 33(b)(3).  Rule 37 permits a party to move to compel an answer

10  if a party fails to answer an interrogatory submitted under Rule

11  33.  Wells Fargo argues that Mr. Subramani's responses to all 21

12  interrogatories are evasive and incomplete, for various reasons.

13      **1.**    <u>**Interrogatory Numbers 1, 3, 5, 15, and 21**</u>

14      First, in interrogatory numbers 1, 3, 5, 15, and 21, Wells

15  Fargo asked Mr. Subramani to state all facts supporting certain

16  contentions in the SAC.  ECF No. 54-2 ("Grewal Decl. II") Ex. B.

17  Mr. Subramani's answers are virtually identical and entirely devoid

18  of factual information.  In response to each question, he objects

19  on the grounds that answering would require him to reveal trial

20  preparation material and privileged communications.  Mr. Subramani

21  then proceeds to state that the subject matter of the interrogatory

22  will be addressed in an expert report that he will produce to Wells

23  Fargo or that answers can be "ascertained by a review of records

24  which Plaintiff will make available for Wells Fargo's inspection."

25  Grewal Decl. II Ex. D.

26      As a general matter, interrogatories directing a plaintiff to

27  state facts supporting contentions in his complaint are "entirely

28  appropriate."  <u>In re Savitt/Adler Litig.</u>, 176 F.R.D. 44, 48

**United States District Court**
For the Northern District of California

1  (N.D.N.Y. 1997); see also Tennison v. City & Cnty. of San
2  Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005) (granting motion to
3  compel answers to interrogatories asking plaintiff to state all
4  facts supporting a claim); Black Hills Molding, Inc. v. Brandom
5  Holdings, LLC, 295 F.R.D. 403, 413 (D.S.D. 2013) (providing a
6  detailed discussion of so-called "contention interrogatories").  As
7  in In re Savitt/Adler, "[t]he interrogatories seek facts, not
8  documents or tangible objects, and the proper form of response is a
9  narrative answer, not a reference to documents or objects where the
10  answers might be found."  176 F.R.D. at 48.  Accordingly, Mr.
11  Subramani's objections to these interrogatories are overruled, and
12  Wells Fargo's motion is GRANTED with respect to interrogatory
13  numbers 1, 3, 5, 15, and 21.

14           **2.    Interrogatory Numbers 7, 9, 11, 13, 17, and 19**

15       Interrogatory numbers 7, 9, 11, 13, 17, and 19 are identical
16  to those discussed above: they ask Mr. Subramani to state all facts
17  supporting certain contentions in the complaint.  In response to
18  each, Mr. Subramani objects "on the ground that the allegations set
19  forth in [the relevant paragraphs] of the Second Amended Complaint
20  speak for themselves."  Grewal Decl. II Ex. D.  Mr. Subramani
21  further directs Wells Fargo to certain paragraphs of the SAC.

22       As discussed above, these questions are entirely appropriate,
23  and they require responses in the form of a narrative answer, "not
24  a reference to documents or objects where the answers might be
25  found."  In re Savitt/Adler, 176 F.R.D. at 48.  If the contentions
26  in the SAC speak for themselves and there are no additional
27  supporting facts, Mr. Subramani may say so.  Alternatively, if the
28  only supporting facts are in the SAC, Mr. Subramani should list

those facts, rather than refer Wells Fargo to other paragraphs in the SAC.  Wells Fargo's motion is GRANTED with respect to interrogatory numbers 7, 9, 11, 13, 17, and 19.

### 3.   **Document Identifications**

Interrogatory numbers 2, 4, 6, 8, 10, 12, 14, 16, 18, and 20 ask Mr. Subramani to identify all documents "referring to, relating to, evidencing, or supporting the facts identified" in response to Wells Fargo's contention interrogatories.  Grewal Decl. II Ex. B. To each question, Mr. Subramani responded by objecting that the request was unduly burdensome or that it requires him to reveal trial preparation material.  Mr. Subramani further answered that he would "make available for Wells Fargo's review all responsive documents."  Grewal Decl. II Ex. D.

Generally speaking, an interrogatory which requests the identification of documents relating to facts may be served on a party.  Smith v. Cafe Asia, 256 F.R.D. 247, 255 (D.D.C. 2009). Because Mr. Subramani refused to answer the contention interrogatories, it is impossible for the Court to determine the scope of the information sought and whether responding might be unduly burdensome.  Because the Court granted Wells Fargo's motion with respect to the contention interrogatories, the Court GRANTS Wells Fargo's motion with respect to the document identification interrogatories as well.  If Mr. Subramani honestly believes, after adequately answering the contention interrogatories, that identifying the relevant documents is still unduly burdensome, he may say so.  But he must provide a specific basis for those responses, not merely a bare assertion.
///

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

### 4.   <u>Interrogatory Number 21</u>

Interrogatory number 21 asked Mr. Subramani to "IDENTIFY the 'true beneficiary' as alleged in the COMPLAINT."  Grewal Decl. II Ex. B.  Mr. Subramani responded:

> Plaintiff objects to Interrogatory 21 on the ground that it requires Plaintiff to reveal trial preparation material and communications between Plaintiff's attorneys and Plaintiff's expert witness which are protected from disclosure. By way of further response Plaintiff states that the subject matter of Interrogatory 21 will be addressed in the report of Plaintiff's expert which shall be produced at least 90 days in advance of trial.

Grewal Decl. II Ex. D.  Not only was Mr. Subramani's answer completely inadequate and nonresponsive, it is inconceivable to the Court that Mr. Subramani or his attorney believed this answer to be anywhere close to acceptable.  The question was narrowly tailored and requested only one very specific piece of clarifying information about the SAC.  Wells Fargo's motion is GRANTED with respect to interrogatory number 21.

### C.   <u>Sanctions</u>

Rule 37 states that the Court must, if granting a motion to compel, "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  That Rule also provides for several circumstances in which the Court may decline to sanction the party whose conduct necessitated the motion.  <u>Id.</u> Accordingly, Wells Fargo seeks sanctions in connection with these motions.  The Court is sympathetic to Wells Fargo's request for

United States District Court
For the Northern District of California

1  sanctions, given that Mr. Subramani's completely inadequate

2  responses indicate a lack of good faith in his effort to answer the

3  requests for admission and interrogatories.  However, Civil Local

4  Rule 7-8 requires that "[a]ny motion for sanctions, regardless of

5  the sources of authority invoked, must . . . be separately filed

6  and the date for hearing must be set in conformance with Civil L.R.

7  7-2."  See also  Yee v. Ventus Capital Servs., No. C05-03097(RS),

8  2006 WL 3462661, at *1 (N.D. Cal. Nov. 30, 2006) (denying request

9  for sanctions brought in connection with motion to compel because

10  sanctions request was not separately filed).  Accordingly, Wells

11  Fargo's request for sanctions is DENIED WITHOUT PREJUDICE, and

12  Wells Fargo may notice a separate motion for sanctions in a manner

13  consistent with the Civil Local Rules.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**United States District Court**
For the Northern District of California

**IV.   CONCLUSION**

For the reasons set forth above, Defendant Wells Fargo Bank, N.A.'s motions to compel are GRANTED.  Plaintiff Karthik Subramani is hereby ORDERED to serve upon Wells Fargo complete answers to Wells Fargo's interrogatories and requests for admission within fourteen (14) days of the signature date of this order.  Failure to respond adequately will result in dismissal of this action.  See Fed. R. Civ. P. 37(b)(2)(A)(v) (permitting the Court to dismiss an action in whole or in part for failure to obey a discovery order). Wells Fargo's request for sanctions is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: December 18, 2014            
                                    UNITED STATES DISTRICT JUDGE