IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARTHIK SUBRAMANI,<br><br>        Plaintiff,<br><br>   v.<br><br>WELLS FAGO BANK, N.A.; and<br>FIDELITY NATIONAL TITLE COMPANY,<br><br>        Defendants. | Case No. 13-cv-01605-SC<br><br>ORDER DENYING DEFENDANT'S<br><u>MOTIONS FOR SANCTIONS</u> |

    Now before the Court are Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") two motions for sanctions.  The motions are fully briefed,[1] and the Court deems them suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).  Both motions are DENIED.

    These sanctions motions both relate to alleged violations of the discovery rules by Plaintiff Karthik Subramani.  On October 7,

---

[1] ECF Nos. 65 ("RFA Mot."), 74 ("RFA Opp'n"), 66 ("Interr. Mot."), 75 ("Interr. Opp'n").  Wells Fargo declined to file a reply brief for either motion.

1  2014, Wells Fargo served its first set of requests for admission
2  and first set of interrogatories on Plaintiff. <u>See</u> ECF No. 53-2
3  ("Grewal Decl.") Exs. A ("RFA") at 4, B ("Interrs.") at 6.  On
4  November 10, 2014, Plaintiff provided responses to both.  <u>See</u>
5  Grewal Decl. Exs. C ("RFA Resp."), D ("Interrs. Resp.").  However,
6  only Plaintiff's attorney, and not Plaintiff himself, signed the
7  reponses.  <u>See</u> RFA Resp. at 3; Interrs. Resp. at 9.  Wells Fargo
8  believed some responses to both requests were inadequate.  Counsel
9  for Wells Fargo conferred with counsel for Plaintiff, explained why
10 it believed the responses were inadequate, and demanded amended
11 responses.  <u>See</u> Grewal Decl. Ex. E.  Counsel for Plaintiff replied:

> We believe that the answers that were provided answered the questions and were responsive, although maybe not to the degree that you would like.  The answers provided will not be amended any further.  You have the option of making a motion to compel with the Court for the relief you seek.

Grewal Decl. Ex. F.

Taking Plaintiff's counsel's suggestion, Wells Fargo filed motions to compel amended responses to the interrogatories and requests for admission.  <u>See</u> ECF Nos. 53, 54.  On December 18, 2014, the Court granted both motions.  <u>See</u> ECF No.63.

Federal Rule of Civil Procedure 37 permits a party who prevails on a motion to compel to recover the "reasonable expenses incurred in making the motion, including attorney's fees" from the party who necessitated the motion.  Fed. R. Civ. P. 37(a)(5)(A). In fact, Rule 37 <u>requires</u> the Court to order the party who necessitated the motion to pay those expenses, unless (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing

2

party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Id. If any of those three extenuating circumstances exist, the Court must not order the payment of expenses. The Court also has the discretion to determine who should pay the costs: "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both . . . ." Id.

"[T]he burden of showing substantial justification and special circumstances is on the party being sanctioned." Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994), as amended (July 25, 1994). However, substantial justification is not usually a difficult standard to meet; it simply requires that there be "a genuine dispute" or that "reasonable people could differ." Pierce v. Underwood, 487 U.S. 552, 565 (1988).[2] Courts have, for example, denied the imposition of sanctions where a party's oppositions to requests for admission were overruled, but where "the case law on the issue [was] not fully delineated or settled . . . ." Colaco v. ASIC Advantage Simplified Pension Plan, 301 F.R.D. 431, 436 (N.D. Cal. 2014).

In response to both motions, Plaintiff asserts that he had substantial justification for his responses to Wells Fargo's interrogatories. The Court agrees. While Plaintiff's responses were inadequate, they were not so egregious that no reasonable person could believe they were sufficient. Once the Court granted

---

[2] Pierce dealt with the definition of "substantially justified" in a different context (the section of the United States Code related to award costs and fees in civil actions brought by or against the United States). However, the Supreme Court cited the Advisory's Committee's Notes on Rule 37 in deriving its definition, and the Court sees no reason that a different definition would apply here.

3

Wells Fargo's motions to compel, Plaintiff timely provided revised responses.  Accordingly, the Court finds monetary sanctions inappropriate.  Defendant Wells Fargo's motions for sanctions are DENIED.

    IT IS SO ORDERED.

Dated: March 18, 2015 

UNITED STATES DISTRICT JUDGE